USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                         :
  LEGALPARTNERS GROUP, LLC,         :
                        :
              Plaintiff,   :       1:26-cv-2983-GHW
                        :
      -against-        :       ORDER TO SHOW
                        :          CAUSE
  RISE BEYOND, LLC,            :
                        :
             Defendant.  :
                        :
----------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

Plaintiff commenced this action on April 10, 2026 against the above-captioned defendant. As the basis for this Court's subject matter jurisdiction, Plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000.  Dkt. No. 1 ¶ 1.  To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction."  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

LegalPartners Group, LLC and Rise Beyond, LLC are limited liability companies.  When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members."  *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  Plaintiff fails to properly allege the citizenship of the members of LegalPartners Group, LLC and Rise Beyond, LLC.  Thus, the Court cannot determine whether complete diversity

exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE by April 16, 2026 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: April 13, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2